Judge Jon C. Coughenour

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | | |
|---|---|---|
| **WENDY JENDRYSIK**, | ) | Case No. 2:13-cv-00559-JCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **AMENDED COMPLAINT AND** |
| | ) | **JURY DEMAND** |
| **RECEIVABLES PERFORMANCE** | ) | |
| **MANAGEMENT, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

_____

### NATURE OF ACTION

1.      This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*., and the Washington Consumer Protection Act ("WCPA"), Chapter 19.86 RCW.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where Defendant is headquartered in this district and transacts business in this district and where many of the acts and transactions giving rise to Plaintiff's action occurred in this district.

AMENDED COMPLAINT AND JURY DEMAND -1

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

**PARTIES**

4.      Plaintiff Wendy Jendrysik is a natural person.

5.      Ms. Jendrysik is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.      Defendant Receivables Performance Management, LLC ("RPM") is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Ms. Jendrysik, as that term is defined by 15 U.S.C. § 1692a(5).

7.      RPM is based in Lynnwood, Washington.   Its principal place of business is 20816 44th Avenue W., Lynnwood, WA 98036.

8.      According to information on its website, RPM is "a national leader in accounts receivable management."  *See* http://www.receivablesperformance.com.

9.      RPM attempted to collect from Ms. Jendrysik an obligation for the payment of money or a thing of value arising out of an agreement or contract, express or implied, with a third party.

10.      RPM at all relevant times was engaged in the collection or attempted collection of a "claim" from Ms. Jendrysik, as that term is defined by RCW § 19.16.100(5).

11.      RPM uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

12.      RPM is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6).

13.      RPM is a "collection agency," as that term is defined by RCW § 19.16.100(2), and is a "licensee" as that term is defined by RCW § 19.16.100(9).

AMENDED COMPLAINT AND JURY DEMAND -2

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

## FACTUAL ALLEGATIONS

14.     Ms. Jendrysik is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than RPM.

15.     Ms. Jendrysik's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than RPM, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely a Verizon account (the "Debt").

16.     In connection with the collection of an alleged debt in default, RPM placed a call to Ms. Jendrysik's cellular telephone on December 2, 2012 at 11:15 A.M., and at such time, Ms. Jendrysik demanded that RPM cease and desist from placing any and all further calls to Ms. Jendrysik's cellular telephone, and that she never be contacted on Sunday.

17.     Despite this revocation of any prior consent for RPM to place any telephone calls to Ms. Jendrysik's cellular telephone, RPM placed multiple non-emergency calls to Jendrysik's cellular telephone, including, but not limited to, calls on the following dates and times:

1)  December 12, 2012 at 11:04 A.M.;
2)  December 12, 2012 at 5:37 P.M.;
3)  December 13, 2012 at 12:09 P.M.;
4)  December 14, 2012 at 9:29 A.M.;
5)  December 15, 2012 at 1:23 P.M.;
6)  December 17, 2012 at 9:47 A.M.;
7)  December 18, 2012 at 8:59 A.M.;
8)  December 18, 2012 at 12:02 P.M.;
9)  December 18, 2012 at 2:20 P.M.;
10) December 19, 2012 at 10:48 A.M.;
11) December 19, 2012 at 12:22 P.M.;
12) December 20, 2012 at 11:05 A.M.;
13) December 22, 2012 at 2:17 P.M.;
14) December 26, 2012 at 11:39 A.M.;

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

15) December 26, 2012 at 8:53 A.M.;
16) December 26, 2012 at 12:48 P.M.;
17) December 27, 2012 at 8:24 A.M.;
18) December 27, 2012 at 12:13 P.M.;
19) December 27, 2012 at 1:02 P.M.;
20) December 27, 2012 at 5:16 P.M.;
21) December 28, 2012 at 8:28 A.M.;
22) December 28, 2012 at 10:10 A.M.;
23) December 28, 2012 at 11:33 A.M.;
24) December 30, 2012 at 11:11 A.M.;
25) December 31, 2012 at 8:08 A.M.;
26) December 31, 2012 at 9:49 A.M.;
27) January 2, 2013 at 11:30 A.M.
28) January 3, 2013 at 11:52 A.M.
29) January 3, 2013 at 8:30 A.M.
30) January 4, 2013 at 9:18 A.M.
31) January 5, 2013 at 10:22 A.M.
32) January 7, 2013 at 9:06 A.M.
33) January 7, 2013 at 11:01 A.M.
34) January 9, 2013 at 11:51 A.M.;
35) January 9, 2013 at 12:09 P.M.;
36) January 9, 2013 at 12:53 P.M.;
37) January 9, 2013 at 2:35 P.M.;
38) January 10, 2013 at 9:38 A.M.;
39) January 10, 2013 at 12:53 P.M.;
40) January 11, 2013 at 10:19 A.M.;
41) January 13, 2013 at 3:02 P.M.;
42) January 14, 2013 at 12:14 P.M.;
43) January 15, 2013 at 8:28 A.M.;
44) January 15, 2013 at 1:59 P.M.;
45) January 17, 2013 at 10:00 A.M.;
46) January 17, 2013 at 11:24 A.M.;
47)  January 17, 2013 at 11:24 A.M.;
48) January 17, 2013 at 10:00 A.M.;
49) January 18, 2013 at 3:56 P.M.;
50) January 28, 2013 at 9:00 A.M.;
51) January 26, 2013 at 10:12 A.M.;
52) January 30, 2013 at 5:26 P.M.;
53) January 29, 2013 at 5:24 P.M.;
54) January 31, 2013 at 10:29 A.M.;
55) January 31, 2013 at 9:58 A.M.;
56) January 31, 2013 at 2:21 P.M.;
57) February 4, 2013 at 10:00 A.M.;
58) February 5, 2013 at 5:26 P.M.;

AMENDED COMPLAINT AND JURY DEMAND -4

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

59) February 8, 2013 at 8:23 A.M.;
60) February 15, 2013 at 8:13 A.M.;
61) February 19, 2013 at 11:01 A.M.;
62) February 23, 2013 at 1:20 P.M.;
63) February 23, 2013 at 5:23 P.M.;
64) February 24, 2013 at 1:56 P.M.;
65) February 25, 2013 at 3:47 P.M.;
66) February 26, 2013 at 12:02 P.M.;
67) February 26, 2013 at 1:45 P.M.;
68) February 27, 2013 at 7:49 P.M.;
69) February 28, 2013 at 12:27 P.M.;
70) February 28, 2013 at 9:15 P.M.;
71) February 28, 2013 at 9:26 P.M.;
72) February 28, 2013 at 9:32 P.M.;
73) February 28, 2013 at 9:44 P.M.;
74) February 28, 2013 at 9:45 P.M.;
75) February 28, 2013 at 9:47 P.M.;
76) March 1, 2013 at 1:05 P.M.;
77) March 1, 2013 at 2:41 P.M.;
78) March 2, 2013 at 2:14 P.M.;
79) March 22, 2013 at 10:44 A.M;
80) March 25, 2013 at 11:53 A.M.;
81) March 26, 2013 at 11:08 A.M.;
82) March 26, 2013 at 10:30 A.M.;
83) March 27, 2013 at 3:44 P.M.;
84) March 27, 2013 at 10:18 A.M.; and
85) March 29, 2013 at 11:57 A.M.

18.     During several of the above-referenced telephone calls, Ms. Jendrysik picked up the phone and listened to a pre-recorded message from RPM.

19.     Based upon information and good-faith belief, the telephone calls identified above were placed to Ms. Jendrysik's cellular telephone using an automatic telephone dialing system.

20.     RPM did not place any telephone calls to Ms. Jendrysik for emergency purposes.

21.     RPM did not have Ms. Jendrysik's prior express consent to make any telephone

AMENDED COMPLAINT AND JURY DEMAND -5

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

calls to her cellular telephone, and any consent it may have once had was revoked on December 2, 2012.

22.     Based upon information and good-faith belief, RPM placed the telephone calls identified above to Ms. Jendrysik voluntarily.

23.     Based upon information and good-faith belief, RPM placed the telephone calls identified above to Ms. Jendrysik of its own free will.

24.     Based upon information and good-faith belief, RPM had knowledge that it was using an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

25.     Based upon information and good-faith belief, RPM intended to use an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

26.     Based upon information and good-faith belief, RPM maintains business records that show all calls RPM placed to Ms. Jendrysik's cellular telephone number.

27.     On January 27, 2013, in connection with the collection the Debt, RPM sent Ms. Jendrysik an email correspondence.

28.     In its January 27, 2013 correspondence, RPM failed to notify Ms. Jendrysik that the communication was from a debt collector.

29.     Despite Ms. Jendrysik's request that she not be called on Sundays, RPM placed calls to her on Sunday December 30, 2012; Sunday January 13, 2013; and Sunday February 24, 2013.

30.     By placing collection calls to Ms. Jendrysik's cellular telephone on Sundays,

AMENDED COMPLAINT AND JURY DEMAND -6

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

despite her requests that she not be called on Sundays, RPM placed calls to Ms. Jendrysik at a time known to be inconvenient to Ms. Jendrysik.

31.     RPM's actions constitute conduct highly offensive to a reasonable person.

32.     As a result of RPM's harassing efforts to collect the alleged debt, Ms. Jendrysik has suffered personal humiliation, embarrassment, mental anguish, emotional distress, digestive discomfort and dysfunction, as well as exacerbated fibromyalgia.

33.     RPM's conduct directly and proximately caused Ms. Jendrysik's personal humiliation, embarrassment, mental anguish, emotional distress, digestive discomfort and dysfunction, as well as exacerbated fibromyalgia.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692c(a)(1)

34.     Ms. Jendrysik repeats and re-alleges each and every factual allegation above.

35.     The FDCPA at Section 1692c(a)(1) prohibits a debt collector from communicating with a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer."  15 U.S.C. § 1692c(a)(1).

36.     RPM was notified that it was inconvenient for Ms. Jendrysik to be contacted on Sundays, yet called her on Sundays anyway.

37.     RPM violated 15 U.S.C. § 1692c(a)(1) by communicating with Ms. Jendryasik at times which were known to be inconvenient for her.

WHEREFORE, Ms. Jendrysik prays for relief and judgment, as follows:

a)  Adjudging that RPM violated 15 U.S.C. § 1692c(a)(1);

b)  Awarding Ms. Jendrysik statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

AMENDED COMPLAINT AND JURY DEMAND -7

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

c) Awarding Ms. Jendrysik actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Ms. Jendrysik reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Ms. Jendrysik any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d(5)

38.     Ms. Jendrysik repeats and re-alleges each and every factual allegation above.

39.     The FDCPA at Section 1692d(5) prohibits a debt collector from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."  15 U.S.C. § 1692d(5).

40.     RPM violated 15 U.S.C. § 1692d(5) by causing a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Ms. Jendrysik.

WHEREFORE, Ms. Jendrysik prays for relief and judgment, as follows:

a) Adjudging that RPM violated 15 U.S.C. § 1692d(5);

b) Awarding Ms. Jendrysik statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Ms. Jendrysik actual damages, pursuant to 15 U.S.C. § 1692k(a)(1)

d) Awarding Ms. Jendrysik reasonable attorneys' fees and costs incurred in this action;

e) Awarding Ms. Jendrysik any pre-judgment and post-judgment interest as may be allowed under the law;

AMENDED COMPLAINT AND JURY DEMAND -8

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692e(11)**

41.  Ms. Jendrysik repeats and re-alleges each and every factual allegation above.

42.  The FDCPA at Section 1692e(11) prohibits a debt collector from failing to disclose in its initial written communication with a consumer, or in its initial oral communication with a consumer, that the communication is from a debt collector, and that it is attempting to collect a debt.  15 U.S.C. § 1692e(11).

43.  RPM violated 15 U.S.C. § 1692e(11) by failing to notify Ms. Jendrysik during each collection communication that the communication was from a debt collector.

WHEREFORE, Ms Jendrysik prays for relief and judgment, as follows:

a)  Adjudging that RPM violated 15 U.S.C. § 1692e(11);

b)  Awarding Ms. Jendrysik statutory damages, pursuant to 15 U.S.C. § 1692k;

c)  Awarding Ms. Jendrysik reasonable attorneys' fees and costs incurred in this action;

d)  Awarding Ms. Jendrysik pre-judgment and post-judgment interest as may be allowed under the law;

e)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)**

44.  Ms. Jendrysik repeats and re-alleges each and every factual allegation contained above.

AMENDED COMPLAINT AND JURY DEMAND -9

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

45.     The TCPA at 47 U.S.C. § 227(b)(1)(A)(iii) prohibits placing non-emergency telephone calls to a cellular telephone using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

46.     RPM violated the TCPA by willfully and knowingly placing telephone calls to Ms. Jendrysik's cellular telephone using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Ms. Jendrysik prays for relief and judgment, as follows:

a)   Adjudging that RPM violated 47 U.S.C. § 227(b)(1)(A)(iii);

b)   Enjoining RPM from placing any further telephone calls to Ms. Jendrysik in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c)   Awarding Ms. Jendrysik statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d)   Awarding Ms. Jendrysik actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e)   Awarding Ms. Jendrysik treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f)   Awarding Ms. Jendrysik reasonable attorneys' fees and costs incurred in this action;

g)   Awarding Ms. Jendrysik pre-judgment and post-judgment interest as permissible by law; and

h)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT V**
**VIOLATION OF RCW § 19.86.020**

47.     Ms. Jendrysik repeats and re-alleges each and every factual allegation above.

48.     The WCPA declares unlawful "[u]nfair methods of competition and unfair or

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@ AttorneysForConsumers.com

deceptive acts or practices in the conduct of any trade or commerce." RCW § 19.86.020.

49.     To establish a violation of the WCPA, Ms. Jendrysik must show: (1) that RPM engaged in an unfair or deceptive act or practice, (2) that the act or practice occurred in the conduct of trade or commerce, (3) that the act or practice affected the public interest, (4) that she was injured in either her business or property; and (5) that RPM's act or practice caused her injury.

50.     The Washington Collection Agency Act ("WCAA") at section 19.16.440 provides:

> The operation of a collection agency or out-of-state collection agency without a license as prohibited by RCW 19.16.110 *and the commission by a licensee or an employee of a licensee of an act or practice prohibited by RCW 19.16.250* are declared to be unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purpose of the application of the Consumer Protection Act found in chapter 19.86 RCW.

RCW § 19.16.440 (emphasis added).

51.     RPM violated RCW § 19.16.250(13) by communicating with Ms. Jendrysik in such a manner as to "harass, intimidate, threaten, or embarrass" her, as well as RCW § 19.16.250(18) by calling Ms. Jendrysik's cellular telephone more than twice in any one day after it was given notice that the number called belonged to a cellular telephone.

52.     RPM's commission of an act or practice prohibited by RCW § 19.16.250 occurred in the conduct of trade or commerce.

53.     RPM's conduct is per se injurious to the public interest.     RCW § 19.86.093(1); *see also Panag v. Farmers Ins. Co. of Washington*, 204 P.3d 885, 897 (Wash. 2009) ("The business of debt collection affects the public interest, and collection agencies are subject to strict regulation to ensure they deal fairly and honestly with alleged debtors.").

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

54.      Ms. Jendrysik suffered injury, including severe aggravation and emotional distress, digestive disorder, insomnia, and exacerbated fibromyalgia pain.

55.      RPM's conduct directly and proximately caused Ms. Jendrysik injury, including severe aggravation and emotional distress, digestive disorder, insomnia, and exacerbated fibromyalgia pain.

WHEREFORE, Ms. Jendrysik prays for relief and judgment, as follows:

a)   Adjudging that RPM violated RCW § 19.16.250 and thus RCW § 19.86.020;

b)   Awarding Ms. Jendrysik actual damages pursuant to RCW § 19.86.090;

c)   Awarding Ms. Jendrysik discretionary treble damages pursuant to RCW § 19.86.090;

d)   Awarding Ms. Jendrysik reasonable attorneys' fees and costs incurred in this action, pursuant to RCW § 19.86.090;

e)   Awarding Ms. Jendrysik any pre-judgment and post-judgment interest as may be allowed under the law; and

f)   Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

56.      Ms. Jendrysik is entitled to and hereby demands a trial by jury.

Dated: May 21, 2013.

Respectfully submitted,

s/Jon N. Robbins
Jon N. Robbins WSBA#28991
WEISBERG & MEYERS, LLC
Attorney for Plaintiff

AMENDED COMPLAINT AND JURY DEMAND -12

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@ AttorneysForConsumers.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **WENDY JENDRYSIK,** | Case No. 2:13-cv-00559-JCC |
| Plaintiff, | |
| | CERTIFICATE OF SERVICE |
| v. | |
| **RECEIVABLES         PERFORMANCE MANAGEMENT, LLC,** | |
| Defendant. | |

I hereby certify that on May 21, 2013, I electronically filed the foregoing Amended Complaint and Jury Demand with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Matthew J. Cunanan, WSBA#42530
DC Law Group NW LLC
101 Warren Ave N
Seattle, WA 98109
Telephone:(206) 494-0400
Facsimile: (855) 494-0400
Email: matthew@dclglawyers.com

Mr. Andrew Shafer
Simburg Ketter Sheppard & Purdy, LLP
999 3rd Ave
Suite 2525
Seattle WA 98104
(206) 382-2600
(206) 223-3929
ashafer@sksp.com

DATED this 21st day of May, 2013.

AMENDED COMPLAINT AND JURY DEMAND -13

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Respectfully submitted,

s/Jon N. Robbins
Jon N. Robbins WSBA#28991
WEISBERG & MEYERS, LLC
Attorney for Plaintiff

AMENDED COMPLAINT AND JURY DEMAND -14

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com