Judge Jon C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | | |
|---|---|---|
| **WENDY JENDRYSIK**, | ) | Case No. 2:13-cv-00559-JCC |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND FOR DEPOSITION BY TELEPHONIC MEANS** |
| **RECEIVABLES PERFORMANCE MANAGEMENT, LLC,** | ) ) ) | |
| Defendant. | ) ) ) | **NOTE ON MOTION CALENDAR:** October 18, 2013 |

## Introduction and Issue Presented

Plaintiff Wendy Jendrysik ("Plaintiff") submits this motion for a protective order to require Defendant Receivables Performance Management, LLC ("RPM") to depose her in Hawaii by telephonic means. In deciding whether to grant Plaintiff's request, the Court need only consider one issue:

> Under Rule 26(c), this Court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Plaintiff lives in Hilo, Hawaii and suffers from fibromyalgia. Defendant wishes to depose Plaintiff, but insists that she must travel to Seattle, Washington. Given that such travel would result in a significant cost to her and travel will also likely negatively impact her medical condition, does good cause exist for this Court to order that Plaintiff may be deposed from Hawaii telephonically?

Motion for Protective Order- 1
Case No. 2:13-cv-00559-JCC

Weisberg & Meyers, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

**Statement of Relevant Facts**

Plaintiff alleges that RPM called her cellular telephone no fewer than 85 times over the course of four months with the intent to annoy, abuse, or harass her. Doc. 12, ¶¶ 17, 38-40. RPM admits to making all but a handful of those calls. Doc. 17, ¶ 6. In addition to statutory damages, Plaintiff seeks actual damages, alleging that RPM's conduct of persistent calling caused her emotional distress and exacerbated her fibromyalgia pain. Doc. 12, ¶¶ 32-33.

RPM has scheduled a deposition of Plaintiff for October 22, 2013 in Seattle, WA.[1] RPM is headquartered in Seattle. Plaintiff resides in Hilo, HI. Plaintiff is also participating in a sleep study for which she has an appointment with a neurologist on October 25, 2013. Requiring her to travel during this period would prevent her from participating in the study and would require her to reschedule the appointment with her neurologist. Accordingly, Plaintiff has asked Defendant to reschedule the deposition until after October 25, 2013. In the alternative, Plaintiff has asked that the deposition take place in Hawaii and has suggested that Defendant could appear for the deposition telephonically. Defendant has refused both of these suggestions, because discovery closes on November 10, 2013.

Plaintiff has also filed a motion to continue the discovery deadlines. Doc. 25. While Defendant did not join in that motion, Defendant has agreed to reschedule the deposition if Plaintiff's motion to continue is granted.

**Standard**

This Court has wide discretion to control discovery, which includes the ability to determine the site of depositions. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir.1994).

---

[1] RPM has also requested leave to conduct an independent medical evaluation of Plaintiff on October 21, 2013. Plaintiff will oppose that motion in a separate response.

Motion for Protective Order- 2  
Case No. 2:13-cv-00559-JCC

Weisberg & Meyers, LLC  
3877 N. Deer Lake Rd  
Loon Lake ,WA 99148  
509-232-1882  
866-565-1327 facsimile  
jrobbins@AttorneysForConsumers.com

**I.      FRCP 26(c)(1)**

Under Rule 26, this Court may, upon good cause shown, issue an order "specifying terms, including time and place, for the disclosure or discovery" or "prescribing a discovery method other than the one selected by the party seeking discovery." Fed. R. Civ. P. 26(c)(1)(B)-(C). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "On motion for protective order, the court should balance the costs and burdens to each side." *United States v. $160,066.98 from Bank of America*, 202 F.R.D. 624, 626 (S.D. Cal. 2001) (citation omitted).

**II.     FRCP 30(b)(4)**

The Court "may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). "Motions brought under Rules 30(b)(4) and 26(c)(1) are ordinarily subject to different standards. A Rule 30(b)(4) motion focuses on the prejudice that a telephonic deposition would impose, whereas a Rule 26(c) motion focuses on the prejudice plaintiff-deponent would suffer if compelled to appear in person." *Clinton v. California Dep't of Corr.*, No. CIV. S-05-1600-LKK-CMKP, 2009 WL 210459, at *3 (E.D. Cal. Jan. 20, 2009). "Most cases interpreting the rule have held that the party opposing the motion bears the burden of showing that it will suffer prejudice if the motion is granted." *Id*. (adopting the rule that treats plaintiffs like other deponents).[2]

---

[2] FRCP 30(b)(4) states: "For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions." Therefore, Plaintiff's request that the Court issue an order allowing her to be deposed by telephone from Hawaii falls under both Rule 26(c)(1) and Rule 30(b)(4).

Motion for Protective Order- 3
Case No. 2:13-cv-00559-JCC

Weisberg & Meyers, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

**Argument**

**I.      Generally, the party seeking the deposition must travel to the witnesses.**

"In the absence of special circumstances, 'a party seeking discovery must go where the desired witnesses are normally located.'" *Clairmont v. Genuity, Inc.*, No. C02-1876L, 2004 WL 2287781, at *1 (W.D. Wash. Mar. 26, 2004) (citing *$160,066.98 from Bank of America,* 202 F.R.D. at 627). Plaintiff is a homemaker who resides in Hilo, HI.

Defendant will surely argue that, because Plaintiff chose the forum, she cannot now complain about attending a deposition in the forum. But Defendant is the party seeking an *in-person* deposition, when it is able to achieve the same goal through a telephonic deposition—to which Plaintiff is willing to stipulate. And, had Plaintiff filed this action in Hawaii, the burden on it would have been much greater than simply being required to depose Plaintiff telephonically. Under its reasoning, RPM's representatives and counsel would have had to travel to Hawaii for depositions, an outcome to which it likely would have objected. To the extent that RPM demands an in-person deposition, it should be required to travel to Hawaii. The federal rules empower this Court to order deposition by telephonic means in order "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

**II.     Requiring Plaintiff to travel to Seattle for a deposition—when the deposition could easily be conducted telephonically—serves only to oppress and cause an undue burden and expense on Plaintiff.**

Plaintiff sees no apparent burden that Defendant would face in conducting a telephonic deposition. Defendant has already admitted to having committed the vast majority of the conduct that Plaintiff alleges in her complaint. Doc. 17, ¶ 6. And due to the nature of the claims, the deposition is unlikely to involve a large number of documents that the parties would need to

Motion for Protective Order- 4
Case No. 2:13-cv-00559-JCC

Weisberg & Meyers, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

read along together.

Defendant's unwillingness to stipulate to a telephonic deposition appears motivated out of a desire to oppress Plaintiff and to cause her an undue burden and expense. Defendant refuses to schedule a deposition after October 25, 2013, because discovery closes on November 10, 2013, but then refuses to join in a motion to extend the discovery deadline.

**III.   Balancing all considerations, good cause exists to order the deposition to occur in Hawaii by telephone.**

Aside from the undue burden and expense that Plaintiff would incur by having to travel from Hawaii to Seattle, other good cause exists for this Court to order that the deposition occur in Hawaii. Plaintiff faces a special burden due to her medical condition—which is triggered by stress and can cause body pain. In addition, Plaintiff is participating in a sleep study, for which she has scheduled an appointment on October 25, 2013 with a neurologist. Requiring her to travel during this period would prevent her from participating in the study and would require her to reschedule the appointment with her neurologist.

Finally, given Plaintiff's willingness to hold the deposition by telephone, a protective order requiring the deposition to occur in Hawaii would not result in any additional expense to RPM. Under the circumstances, the balance of factors weighs in favor of granting Plaintiff's motion.

**Conclusion**

To the extent RPM demands an in-person deposition of Plaintiff for her straightforward claims, it should be required to travel to her. Of course, Plaintiff does not even ask that much. Plaintiff simply wishes to avoid the unnecessary burden and expense of travel. RPM's demand that the deposition occur in Seattle—during a period which it knows Plaintiff is unavailable—

Case No. 2:13-cv-00559-JCC

Weisberg & Meyers, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

appears aimed at oppressing her.  This Court is empowered to order the deposition noticed for October 22, 2013 to occur in Hawaii by telephone, and doing so promotes the federal policy of resolving actions in a just, speedy, and inexpensive manner. Accordingly, this Court should grant Plaintiff's motion.

Dated this 10th day of October, 2013,

> s/Jon N. Robbins
> Jon N. Robbins WSBA#28991
> Marshall S. Meyers (*pro hac vice*)
> WEISBERG & MEYERS, LLC
> Attorneys for Plaintiff

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Plaintiff conferred with counsel for Defendant regarding the relief sought in this motion. Counsel for Defendant advised that Defendant opposed to the relief sought herein.

> s/Jon N. Robbins
> Jon N. Robbins WSBA#28991

Motion for Protective Order- 6
Case No. 2:13-cv-00559-JCC

Weisberg & Meyers, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Matthew J. Cunanan, WSBA#42530
    DC Law Group NW LLC
    101 Warren Ave N
    Seattle, WA 98109
    Email: matthew@dclglawyers.com

    Mr. Andrew Shafer
    Simburg Ketter Sheppard & Purdy, LLP
    999 3rd Ave
    Suite 2525
    Seattle WA 98104
    ashafer@sksp.com

                                      s/Michael Aeed
                                      Michael Aeed

Motion for Protective Order- 7
Case No. 2:13-cv-00559-JCC

Weisberg & Meyers, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com