Hon. John C. Coughenour
NOTE FOR CONSIDERATION: NOVEMBER 29, 2013

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WENDY JENDRYSIK,

    Plaintiff,

v.

RECEIVABLES PERFORMANCE MANAGEMENT, LLC

    Defendant.

Case No. 2:13-cv-00559

**DEFENDANT'S MOTION TO COMPEL RESPONSES TO DISCOVERY AND RENEWING MOTION FOR LEAVE TO CONDUCT INDEPENDENT MEDICAL EXAMINATION PURSUANT TO Fed.R.Civ.P 35**

## I.  INTRODUCTION

Defendant Receivables Performance Management, LLC ("RPM") served its first interrogatories and requests for production of documents via email on the plaintiff on September 10, 2013. Responses were due on October 10, 2013. On October 10, Plaintiff sent purported responses to RPM. These responses were not given under oath. The plaintiff did not sign them.[1]

---

[1] Plaintiff's purported pleading responding to RPM's Discovery is attached as Exhibit 1 to the Shafer Declaration.

DEFENDANT'S MOTION TO COMPEL DISCOVERY- 1
[Case No. 2:13-cv-00559]

Separately, RPM renews its motion for an independent medical examination. On October 2, 2013 RPM sought leave to conduct two examinations, one by a psychiatrist and the other by a physiatrist.[2] The court denied RPM's motion without prejudice on November 13, 2013.[3] For the reasons stated in Part B, below, RPM renews its motion for leave to conduct independent medical examinations.

On October 11, 2013, RPM sent Plaintiff a letter responding to Plaintiff's objections to discovery.[4] In response, Marshall Meyers, Plaintiff's lead counsel sent an email, with a copy to RPM, instructing that Plaintiff supplement her responses to address the contents of RPM's October 11 letter. RPM did not receive supplemental responses.

Instead, on November 7, 2013, the parties agreed to conduct a LR 37(a) discovery conference the following Tuesday, November 12.[5] That conference did occur. At its conclusion, Mr. Meyers agreed that by the close of business on November 13 he would indicate in writing which responses Plaintiff would supplement and the ones to which she would continue her objections. Plaintiff's counsel did formally respond to RPM's discovery demand.[6] While Plaintiff has agreed to provide some additional information, a dispute remains regarding financial history. For the reasons stated below, RPM asks the court to order Plaintiff to supplement her responses to Requests for Production 2, 3, 4 and 5.

---

[2] Dkt #26
[3] Dkt #41
[4] Shafer Declaration, Exhibit 2
[5] Shafer Declaration, Paragraph 4
[6] Shafer Declaration, Exhibit 3

DEFENDANT'S MOTION TO COMPEL
DISCOVERY- 2
[Case No. 2:13-cv-00559]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 Third Avenue, Suite 2525
Seattle, Washington 98104
(206) 382-2600
FAX (206) 223-3929

## II. ARGUMENT IN SUPPORT OF MOTIONS

### A. RPM IS ENTITLED TO AN ORDER COMPELLING PLAINTIFF TO RESPOND TO DISCOVERY

i. <u>Plaintiff Has Waived All Right to Object to Discovery Requests</u>.

Fed.R.Civ.P 33(b)(5) requires a party to respond to interrogatories under oath within 30 days after service of the same. Any objections must be separately stated with specificity. Fed.R.Civ.P 33(b)(4). If a party fails to comply with the rule, the response is not valid. *Cabales v. United States*, 51 F.R.D. 498, 499 (S.D.N.Y. 1970) aff'd, 447 F.2d 1358 (2d Cir. 1971) [where plaintiff fails to sign responses separately under oath, his responses do not constitute a valid answer]. A failure to timely respond to interrogatories and requests for production of documents constitutes a waiver of such objections. See, Fed.R.Civ.P 33(b)(4); *Davis v. Fendler,* 650 F.2d 1154, 1160 (9th Cir.1981); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *Bryant v. Armstrong*, 285 F.R.D. 596, 602 (S.D. Cal. 2012) [party who submits late responses waives any objections].

In this instance, Plaintiff delivered responses and objections which were electronically signed by Jon Robbins, one of the plaintiff's attorneys. Mr. Robbins' signature, therefore, comports with Fed.R.Civ.P 26(g)(1)'s requirement that all discovery responses be signed by a party or their counsel. However, Rule 26(g)(1) does not trump Fed.R.Civ.P 33(b)(4) and (b)(5). Ms. Jendrysik did not sign her responses, even though

DEFENDANT'S MOTION TO COMPEL DISCOVERY- 3
[Case No. 2:13-cv-00559]

SIMBURG, KETTER, SHEPPARD & PURDY, LLP
999 Third Avenue, Suite 2525
Seattle, Washington 98104
(206) 382-2600
FAX (206) 223-3929

RPM delivered interrogatories and requests for production which contained a place for her to sign under oath.[7]

Based on the foregoing, RPM submits that plaintiff has waived her right to object to discovery.  Accordingly, the court should issue an order compelling supplemental responses, without further objection within ten days.

    ii.    <u>Additionally, Plaintiff's Objections, on Their Face, are Deficient.  The Court Should Order Plaintiff to Supplement her Responses</u>.

Even if the court concludes that Plaintiff has not waived objections by virtue of her failure to sign her responses under oath, the court should, nonetheless, compel responses to the following interrogatories and requests for production for the following reasons:

**INTERROGATORIES No. 1 and 2.**  These interrogatories seek the identity of witnesses, including Plaintiff's physicians, who have knowledge of the facts of Ms. Jendrysik's alleged ailments.  Plaintiff raised physician-patient privilege as a reason for failing to identify her physicians, other than a doctor Margaret Mitchell.  The issue of medical privilege is a matter of state law *In re Baycol Products Litig.,* 219 F.R.D. 468 at 469 (D. Minn. 2003).  Under Washington law, once a plaintiff places his/her physical, psychological or emotional health at issue, the plaintiff waives the physician-patient privilege.  See, *See*, *Lodis v. Corbis Holdings, Inc.,* 172 Wn.App. 835, 855-56, 292 P.3d 779, 791 (2013) [discrimination case brought under federal and state civil rights laws where plaintiff sought damages for mental anguish]  There, the court ruled that a plaintiff who puts his/her physical or mental condition at issue, waives the physician-patient privilege. The defendant is entitled to discover any records relevant to the plaintiff's emotional distress.]

---

[7] Shafer Declaration, Exhibit 4 is a true and correct copy of the signature page of RPM's First Discovery Requests to Plaintiff served on September 9, 2013,  which contained a place for Ms. Jendrysik to sign her responses under oath.

DEFENDANT'S MOTION TO COMPEL DISCOVERY- 4
 [Case No.  2:13-cv-00559]

In like manner, the physician-patient privilege is not available under Hawaiian law. HRS 626-1, Rule 504(d)(3) states,

> Condition an element of claim or defense. There is no privilege under this rule as to a communication relevant to the physical, mental, or emotional condition of the patient in any proceeding *in which the patient relies upon the condition as an element of the patient's claim* or defense or, after the patient's death, in any proceeding in which any party relies upon the condition as an element of the party's claim or defense.

During the parties' discovery conference, and in his follow up letter, Mr. Meyers agreed to provide information about Ms. Jendrysik's primary health care provider, Dr. Mitchell. He indicated that Dr. Mitchell's 300-plus pages of medical records identify numerous other doctors who attended to Ms. Jendrysik's needs. Plaintiff has not indicated that she will provide further information regarding these physicians, instead leaving it to RPM to comb the record to locate information about the additional treating physicians.

To the extent Ms. Jendrysik has placed her physical and mental health condition at issue in this action, there is no physician-patient privilege. Plaintiff acknowledges as much by consenting to provide information from Dr. Mitchell under an appropriate protective order to which RPM agrees. However, plaintiff seeks to cherry pick what additional information she produces and what information she withholds. RPM contends it is not plaintiff's choice to select the information RPM is permitted to review.

Accordingly, RPM asks the court to order Plaintiff to provide complete responses to Interrogatories 1 and 2 so that RPM may conduct such additional discovery as it may deem necessary. For purposes of a supplemental response, RPM would be satisfied with the following: (a) limit the response date to 2002 forward (since the plaintiff has been on disability since that year); (b) identify the health care provider by name, address and telephone number; (c) describe generally the nature of the health concern addressed by the

DEFENDANT'S MOTION TO COMPEL
DISCOVERY- 5
 [Case No.  2:13-cv-00559]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 Third Avenue, Suite 2525
Seattle, Washington 98104
(206) 382-2600
FAX (206) 223-3929

provider; (d) order the provider to provide medical records pertaining to the health issues at issue in this case, with reasonable production costs to be paid by RPM.

**INTERROGATORIES No. 4, 5, 6 and 7.** These interrogatories all seek information respecting Ms. Jendrysik's medical history since 2000. In particular, RPM seeks the identity of physicians and hospitals that have treated Ms. Jendrysik since that date. RPM did agree to limit the scope of Interrogatory No. 5 (hospitalization history) to hospitalizations to diagnose or treat any of the physical and psychological conditions identified in the complaint.

RPM agrees that the period covered by this request should be reduced. Counsel for Ms. Jendrysik has stated (though his client has not so testified under oath) that Ms. Jendrysik has been receiving disability payments since 2002. To the extent the plaintiff has been disabled since that date, RPM is satisfied by learning the circumstances of her disability and the course of treatment since that date. Accordingly, RPM asks the court to order responses to interrogatories 4, 5, 6 and 7 for the period of 2002 through the present.

**INTERROGATORY No. 10.** This interrogatory seeks an itemization of medical expenses. Plaintiff has stated that she does not seek damages for her medical expenses (including any medications). So long as Plaintiff waives this aspect of her claim, RPM has no need to obtain this information.

**INTERROGATORY No. 11.** This interrogatory seeks the itemization of any special damages in addition to medical expense. RPM propounded this interrogatory only because Plaintiff's Initial Disclosure failed to identify any elements of her damages claim. Plaintiff continues to provide, at best, evasive responses. Here too, Plaintiff indicated that her actual damages claim is limited to general damages for emotional distress, gastric and digestive disorders and upset and exacerbation of her fibromyalgia condition. Again, so

DEFENDANT'S MOTION TO COMPEL
DISCOVERY- 6
 [Case No.  2:13-cv-00559]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 Third Avenue, Suite 2525
Seattle, Washington 98104
(206) 382-2600
FAX (206) 223-3929

long as plaintiff is prepared to stipulate to limiting damages as stated in Mr. Meyers's November 13 response, RPM has no further need for this information.

**INTERROGATORY No. 13.**  This interrogatory seeks the identity of individuals who may have day to day dealings with Ms. Jendrysik (such as an unrelated roommate, siblings or parents).  While Mr. Meyers indicated that Plaintiff would supplement her response to this interrogatory, RPM has not received a supplemental response, under oath, signed by the Plaintiff.  Since the plaintiff is apparently not inclined to respond to discovery under oath, RPM asks that all responses to discovery be signed by Ms. Jendrysik under penalty of perjury pursuant to 28 U.S.C. §1746.

**INTERROGATORY No. 14.**  This interrogatory simply seeks the identity of individuals who might have knowledge of facts about Ms. Jendrysik's emotional, mental and physical state for the period after December 1, 2012.  Plaintiff's objection is that the interrogatory is burdensome.  The objection is not well founded.  For all RPM knows, Ms. Jendrysik may lead a very active life in Hawaii.  She may play golf three times a week with friends who will be in a position to testify about her physical capabilities.  She may surf.  She may scuba dive.  She may do any number of strenuous physical activities that abound in Hawaii.  RPM is entitled to know all of those things, without having to hire a private detective to capture her active lifestyle in a "Day in the life of Wendy Jendrysik" video.

**REQUEST FOR PRODUCTION No. 1.**  This request seeks all medical records from January 1, 2000 to the present limited to those mental, emotional and physical injuries or illnesses identified in the Plaintiff's Initial Disclosure.  Plaintiff objected based on physician-patient privilege.  For the same reason that privilege does not exist in evading responses to interrogatories numbers 1 and 2, it equally does not apply here.  During the discovery conference, Mr. Meyers continued his objection as to the period requested.  Mr.

DEFENDANT'S MOTION TO COMPEL DISCOVERY- 7
 [Case No.  2:13-cv-00559]

SIMBURG, KETTER, SHEPPARD & PURDY, LLP
999 Third Avenue, Suite 2525
Seattle, Washington 98104
(206) 382-2600
FAX (206) 223-3929

1  Meyers has indicated that his client has been receiving disability compensation since 2002.
2  RPM concedes that narrowing the time period to 2002-2013 will provide it with adequate
3  information as to the nature, extent and causes, if known, of her ailments.  Again, the
4  problem with plaintiff's approach is that she seeks the right to pick and choose what
5  information RPM receives.  Without having the ability to form a complete medical picture
6  for the jury, RPM's will not have the ability to argue to the jury that the complaints of
7  aliments are really nothing more than a recitation of a long medical history of like
8  complaints.  The medical records are indispensable to this argument.  Since Plaintiff has
9  agreed to provide Dr. Mitchell's records, RPM is not asking for qualitatively anything more
10 than what Plaintiff has selected for showing.  All RPM seeks is the ability to put together a
11 complete picture to rebut the picture which Plaintiff will surely try to paint.

12         **REQUESTS FOR PRODUCTION No. 2, 3, 4 and 5.**  These requests for
13 production are intended to enable RPM to create a mosaic of the plaintiff's financial
14 condition.  Mr. Meyers has advised that Ms. Jendrysik has been receiving disability
15 payments since 2002.  Obviously, her financial condition is compromised.  Given this
16 admission, RPM is entitled to inform the jury about all of Ms. Jendrysik's financial
17 pressures and whether RPM is the only collection agency that sought payment from her.

18         Simply, Plaintiff contends that RPM's badgering her for payment by calling her
19 more than 100 times over a three month period exacerbated various illnesses.  Plaintiff is
20 entitled to present evidence of other causes of financial stress, including income limitations
21 as well as indebtedness beyond Ms. Jendrysik's capacity to pay.  The jury will ultimately be
22 asked whether RPM was responsible for Ms. Jendrysik's "actual damages."  This question
23 requires the jury to find causation. To do so, it must conclude that "but for" RPM's actions,
24 Ms. Jendrysik's conditions would have not worsened.  The jury cannot make this
25

DEFENDANT'S MOTION TO COMPEL
DISCOVERY- 8
 [Case No.  2:13-cv-00559]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 Third Avenue, Suite 2525
Seattle, Washington 98104
(206) 382-2600
FAX (206) 223-3929

determination in a void. It needs to know what else was impacting her life. As such, complete responses to these requests are highly relevant.

### B. RPM IS ENTITLED TO AN ORDER AUTHORIZING INDEPENDENT MEDICAL EXAMINATIONS OF THE PLAINTIFF

In its order denying, without prejudice, RPM's motion to compel independent medical examination, the court stated that RPM had failed to establish any of the five grounds for ordering the examination under *Turner v. Imperial Stores*, 161 F.R.D. 89 at 95 (S.D. Cal 1995). RPM believes that the court should order the examination based on anticipated expert testimony of Dr. Margaret Mitchell.

Plaintiff has identified Dr. Mitchell as her primary care physician. However, she has not indicated one way or the other, whether she will eventually identify Dr. Mitchell as an expert. This is RPM's quandary.

The court has not required the parties to identify expert witnesses in its scheduling order. Pursuant to Fed.R.Civ.P 26(a)(2)(D)(i), Plaintiff is not required to disclose her experts until 90 days before trial (January 28, 2014). That disclosure comes one month after the discovery cut off of December 28. If Plaintiff does intend to call Dr. Mitchell as an expert, RPM will then be left with no effective means to develop rebuttal evidence. For this reason, RPM asks the Court to order, in the alternative, that Plaintiff submit to the IME examinations within thirty days of its consideration of this renewed motion or amend the case schedule to require expert disclosures at such a time as the examinations can go forward within the time left to complete discovery. To spare Ms. Jendrysik the expense of a second trip to Seattle (She will be deposed here on December 11) RPM asks the court allow the IME examinations to go forward, unless the plaintiff waives her right to identify an

DEFENDANT'S MOTION TO COMPEL DISCOVERY- 9
 [Case No.  2:13-cv-00559]

SIMBURG, KETTER, SHEPPARD & PURDY, LLP
999 Third Avenue, Suite 2525
Seattle, Washington 98104
(206) 382-2600
FAX (206) 223-3929

expert witness (whether Dr. Mitchell or someone else). Simply, so long as Plaintiff cannot blind-side RPM with a late identified expert, RPM does not need the IME.

SIMBURG, KETTER, SHEPPARD & PURDY, LLP

By: /s/ Andrew D. Shafer
Andrew D. Shafer, WSBA No. 9405
Attorney for Defendant
999 Third Avenue, Suite 2525
Seattle, WA  98104
T:  206-382-2600
F:  206.223.3929
E: ashafer@sksp.com

DEFENDANT'S MOTION TO COMPEL DISCOVERY- 10
 [Case No.  2:13-cv-00559]

CERTIFICATE OF SERVICE

I hereby certify that on the date below I electronically filed the foregoing Motion to Compel Responses to Discovery with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jon N. Robbins, ecf@AttorneysForConsumers.com
Marshall Meyers, mmeyers@AttorneysForConsumers.com
Matthew J. Cunanan, matthew@dclglawyers.com
Russell Thompson, Rthompson@AttorneysForConsumers.com

And I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

None.

DATED: November 14, 2013.

SIMBURG, KETTER, SHEPPARD & PURDY, LLP

/s/ Brian D. Carpenter
Brian D. Carpenter,
Paralegal

DEFENDANT'S MOTION TO COMPEL DISCOVERY- 11
[Case No. 2:13-cv-00559]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 Third Avenue, Suite 2525
Seattle, Washington 98104
(206) 382-2600
FAX (206) 223-3929