# EXHIBIT "H"

EXHIBIT "H"

The Law Office of Joseph Mauro, LLC          **(631) 669-0921**
306 McCall Ave                                **(631) 669-5071 fax**
West Islip, NY   11795

February 10, 2012

**Hon. E. Thomas Boyle**
**Alphonse M. D'Amato Federal Courthouse**
**100 Federal Plaza**
**Central Islip, NY 11722**

        RE:  LEVY v. Receivables Performance Management, LLC.
          CV -11 - 3155

Honorable Judge Boyle,

  I represent the Plaintiff in the above matter. Please accept this letter as a motion to hold the Defendant Receivables Performance Management, LLC in contempt for failure to abide by the Court's January 3, 2012 order.

  The Plaintiff brought this case against the Defendant debt collector, alleging violations of the Fair Debt Collection Act (FDCPA), and the Telephone Consumer Protection Act (TCPA). The Defendant telephoned the Plaintiff's cell phone almost 300 times using a robo-dialer despite the Plaintiff's demands to stop. The Defendant also harassed and threatened the Plaintiff including the use of an ethnic slur.

  On November 13, 2011, Plaintiffs served Defendant via mail and email with Request for Production of Documents; and Interrogatories. **(Exhibit A)**.  The Defendant did not respond to these requests in any manner, nor did they request additional time to respond to such. [1]

  On December 20, 2012 Plaintiff filed a motion asking the court to compel the defendant to respond, and requesting that all objections be deemed waived.  Again the Defendant did not respond in any manner. On January 3, 2012, the Court granted the Plaintiff's motion, and gave the Defendant 10 days to produce the material.  Notwithstanding the Court's order, the Defendant has not produced the material, and has objected to virtually every document request, and the large majority of interrogatories. **(Exhibits B and C)**

---

[1] Along with the interrogatories and document requests, Plaintiff also served Defendant with Requests for Admission.  Defendant responded to the Requests for Admission so it is clear that they received the document requests and interrogatories. Defendant simply chose to ignore the Federal Rules by not responding to the interrogatories or document requests within the statutory time period. They did not obtain, nor did they even seek, an extension of such time from the Court or Plaintiff.  Additionally, the Court should note that the Defendant did not properly answer the large majority of the Requests for Admission either, instead employing bad-faith nonsensical responses. Eg. ***Request:*** *" RPM has been sued more than 3 times in the past for violations of 15 USC 1692d."* ***Response***: *"This defendant can neither admit or deny this request as it calls for a legal conclusion."*

      The Court should be aware that there are at least three laws firms involved in the defense of this action. Two of them appear on the Court's docket, and a third located in Seattle Washington has not appeared. I have been informed by defense counsel in Seattle that as the TCPA does not provide for "fee shifting" it is the Defendant's intention to force me to work an unnecessary amount of time on the case so as to make it unappealing to continue the litigation. As a telling example of the bad faith involved here, the Court can see that the Defendant's responses to the discovery requests **(Exhibit B)** consistently insist that I must go to Seattle Washington to "Inspect" the requested documents. Additionally, the Court can see that several of Defendants' interrogatory responses merely refer Plaintiff to certain documents; documents that in fact have not been disclosed. (eg. **Exhibit C** ROG #9, ROG #15).

      Notwithstanding the fact that the Defendant was obligated via the Court order to produce all requested the material without objection by January 13, they have not.  I have consistently spoken with defense counsel, Peter Cipparulo, to try to avoid this motion and get the necessary documents. Notwithstanding several phone discussions, the Defendant has not produced the requested material; has not withdrawn the improperly asserted objections; has not properly responded to the interrogatories; and has misrepresented that they have provided documents when they have not.

      Unless directed by the Court, I do not intend to go through why each specific discovery request is necessary for this litigation, as such is not required in this context. Plaintiff avers that in the present posture, Defendant is not entitled to decide what they want to provide, and to what they want to object.  Defendant was under direct court order to provide all documents without objection by January 13, 2012. Additionally, from a practical standpoint, it is evident that Defendant' is merely ignoring the Court's order, and is attempting to force the Plaintiff to try to compel particular documents, so they can object to those specific requests. With this tactic, Defendant intends to work around the fact that they chose to ignore the statutory deadlines to respond, and that they chose to ignore the Plaintiff's motion to compel.  Defendant is now, in essence, trying to ignore the Court's order. However, so as to assure the Court that Plaintiff is not treating form over substance here, Plaintiff will convey the following examples of Defendant's non-compliance:

- Defendant has refused to produce the address and phone numbers of their employee witnesses; and have not produce the telephone numbers of the former employees witnesses. This is information that should have been provided under Rule 26a.
- Defendant has not provided their insurance policy, stating instead that they don't have one, "but reserve the right" to decide later whether they do in fact have one.  (Defendant clearly has an insurance policy)
- Defendant has not provided requested documents relating to prior litigation in which they were involved, despite the fact that it is directly relevant to an assessment of the damages
- The Defendant has not produced their prior sworn testimony in cases under the TCPA and FDCPA.
- The Defendant has not produced their policies and procedures regarding assuring they don't illegally call cellular phones, stating instead, *"Upon advice of Counsel, defendant objects to this Demand for Production of Documents as not relevant."* While relevance is clearly not a proper objection, this information could hardly be more relevant to the facts

of this matter. An answer like this, in this matter, is just further evidence of the bad faith involved here.
- Defendants won't produce personnel files of the employees who were involved in the illegal calls, which likely includes the employees' history of past discipline for engaging in debt collection abuse. Defendant instead interposes what appears to be a boilerplate objection that the request is "burdensome" and "overbroad."
- Defendant has not produced the complaints that have been filed with the Attorney General of Washington State about their debt collection abuse, nor any complaints filed with any other Attorney General, or the Federal Trade Commission. (all items that are directly relevant to the assessment of damages, and the companies knowledge of the on-going debt collection abuse emanating from their ranks).
- Defendant has not provided the entire manual for their automatic telephone dialing system, instead providing the Plaintiff with bits and pieces of the manual. At the same time as Defendant is attempting to hide this manual, Defendant is putting forth a specious defense arguing that their auto-dialer somehow does not fit the technical definition of an auto dialer for purposes of the TCPA.

It should be reiterated to the Court that the above are provided merely as examples of the material that Defendant has not provided. As indicated earlier, Defendant has objected to virtually every request. Additionally, the Court should be aware that the Defendant is interposing specious defenses that necessitate some of the requested discovery, while at the same time refusing to provide the discovery necessary for Plaintiff to prove the allegations.

It has now been three months since the Plaintiff served discovery. Defendant's failure to provide the information is clearly purposeful. Three months is more than enough time to provide all of the requested information. They certainly could have provided the requested information by now, they just do not want to so.

Considering the warning from defense counsel about how they intend to litigate this matter, coupled with the manner in which they *are* in fact litigating this matter, Plaintiff respectfully requests that the Defendant be deemed in contempt of the Court's order. There is no justification for ignoring the deadlines imposed by statute and by the Court, and there is no justification for the improper approach to their discovery obligations that Defendant has chosen to take. Plaintiff requests that the Court impose sanctions necessary to force compliance including the imposition of costs and fees necessitated by the Defendant's non-compliance. Additionally, the Plaintiff requests permission to take the deposition of the custodian of records for the Defendant at Defendant's expense, along with additional sanctions as the Court deems appropriate.

Sincerely,

Joseph Mauro