Hon. John C. Coughenour
Noted for Consideration: December 6, 2013

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WENDY JENDRYSIK,

Plaintiff,

v.

RECEIVABLES PERFORMANCE MANAGEMENT, LLC

Defendant.

Case No. 2:13-cv-00559

**REBUTTAL DECLARATION OF LUKASZ WOJNOWSKI IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT DISMISSING PLAINTIFF'S CLAIM IV**

I, Lukasz Wojnowski, under penalty of perjury under 28 U.S.C. §1746, declare as follows:

1. I am an adult over the age of 18. I base this declaration on my personal knowledge. I am competent to testify in this matter.

2. I am the director of information technology for Receivables Performance Management. I have been employed by RPM in its IT department since 2005. I have been its director of IT since 2011. I have front line responsibility for all of RPM's computer systems, including its telephony system (Noble Systems) and its debtor account system

REBUTTAL DECLARATION OF LUKASZ WOJNOWSKI IN SUPPORT OF RPM MOTION FOR SUMMARY JUDGMENT- 1
[Case No. 2:13-cv-00559]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104
(206) 382-2600
FAX (206) 223-3929

(Pick System).  We do a significant amount of custom programming of the Pick System because we have a source code license for that system, which allows us to go into the source code and make changes to customize the system for our needs.  We do not do any programming of the Noble system because we do not have a source code license.

3. Based on my position with RPM, and the hands on programming work I have done on the Pick System, I know with absolute certainty that RPM does not employ any computer software or hardware that has the capacity to randomly or sequentially store or dial telephone numbers.

4. In September 2011, Noble provided us with a system upgrade.

5. I also know with absolute certainty, based on my responsibilities at RPM, that RPM has not had the capacity to randomly or sequentially dial telephone numbers since September 2011.

6. In response to discovery requests, we furnished plaintiff with a copy of the only manuals we have ever received from Noble.  These documents were delivered to us before our 2011 upgrade. At the time of the upgrade, we received a separate manual called Maestro.  Except for the fact that our system has not had the capacity to dial numbers randomly or sequentially since the September 2011 upgrade, the Noble system essentially functions as it did before that time.

7. Even though we believe that our system does not fall within the definition of an ATDS, until we have some definitive word on that subject, when we know that we are trying to call a cell phone, unless we know that our client has received express consent to do so, we manually dial the number using both in-house and offshore call center employees

REBUTTAL DECLARATION OF LUKASZ
WOJNOWSKI IN SUPPORT OF RPM
MOTION FOR SUMMARY JUDGMENT- 2
[Case No.  2:13-cv-00559]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104
(206) 382-2600
FAX (206) 223-3929

1  until the consumer gives us his/her express consent to call him or her on the cell phone we
2  know about.
3      EXECUTED under penalty of perjury at Lynnwood, WA this 5th day of December,
4  2013.

_____
LUKASZ WOJNOWSKI

25 REBUTTAL DECLARATION OF LUKASZ
WOJNOWSKI IN SUPPORT OF RPM
MOTION FOR SUMMARY JUDGMENT- 3
[Case No. 2:13-cv-00559]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104
(206) 382-2600
FAX (206) 223-3929