Judge John C. Coughenour

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| **WENDY JENDRYSIK**,<br><br>Plaintiff,<br><br>vs.<br><br>**RECEIVABLES PERFORMANCE MANAGEMENT, LLC,**<br><br>Defendant. | Case No. 2:13-cv-00559-JCC<br><br>**PLAINTIFF'S RULE 7(g) SURREPLY TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

**I.   The Court should strike all declarations attached to RPM's reply, unless it allows Plaintiff an opportunity to respond substantively.**

This Court should strike, or not consider, the new evidence RPM has attached to its reply. "Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the non-movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (citing *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir.1990)). "Such a result would be unfair." *Id*. Local Rule 7(g) only allows Plaintiff to ask the Court to strike materials in this surreply, and the rule cautions that "[e]xtraneous argument or a surreply filed for any other reason will not be considered."

In its reply, RPM makes new arguments and attaches four declarations in support thereof. Doc. 54-57. Two of these declarations are from entirely new declarants, one of whom Plaintiff is

Surreply to Motion for Partial Summary Judgment- 1
Case No. 2:13-cv-00559-JCC

Weisberg & Meyers, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

deposing next week. The Court should strike this material, but if it intends to consider those declarations and the arguments they are meant to support, it would be unfair to not provide Plaintiff with an opportunity to respond to them substantively.

**II.      The Court should strike RPM's arguments regarding its 2011 upgrade as it failed to disclose evidence of this upgrade until after Plaintiff filed her response.**

This Court should also strike, or not consider, the arguments regarding RPM's 2011 upgrade, because RPM failed to timely disclose evidence of this upgrade. "If a party fails to provide information [in discovery]…the party is not allowed to use that information…on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The party that fails to properly disclose "bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012).

Plaintiff requested RPM produce all documents related to its auto-dialer. *See* Exhibit "A" of Declaration of Marshall Meyers. In response, on September 9, 2013, RPM produced several manuals, the most recent of which was last revised on August 4, 2006. *Id.* at Exhibit "B." RPM again produced this same information nearly two months later. *Id.* at ¶ 4. On November 20, 2013, in response to RPM's counsel's oral statement that he *believed* RPM's system had been recently updated, Plaintiff asked RPM to confirm that it possessed no other documentation pertaining to its Noble Systems equipment and software. *Id.* at ¶ 5. RPM acknowledged this request and stated it would produce any information in its possession. *Id.* at Exhibit "C." On November 29, 2013, RPM stated it did not have any additional information. *Id.* at Exhibit "D." On December 5, 2013, three days after Plaintiff's response was due and timely filed, RPM revealed the existence of, and produced, a 486-page manual for "Maestro," its new Noble

Surreply to Motion for Partial Summary Judgment- 2
Case No. 2:13-cv-00559-JCC

Weisberg & Meyers, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Systems dialer software. *Id*. at Exhibit "E." Regarding its failure to disclose, RPM said "[u]ntil [its counsel] asked the question, no one had looked for them. It was an inadvertent oversight." *Id*.

RPM's failure to produce the manual for its new Maestro system was improper. Plaintiff asked for this information numerous times. RPM repeatedly represented that it had produced all relevant information. Proper disclosure would have revealed the existence of the Maestro system nearly three months ago. RPM's failure was not substantially justified, as RPM admits it was in possession of the information since 2011, Doc. 55, ¶ 6, but simply did not produce it due to "inadvertent oversight." Exhibit "E." Nor was the failure was harmless. The existence of this new system forms the basis of RPM's claim that its auto-dialer does not contain a random or sequential number generator. *See* Doc. 53 at 9-10 ("The random and sequential number generator, which had been present when RPM called Mr. Levy, was removed from the system at that time"); Doc. 55, ¶ 6 ("Except for the fact that our system has not had the capacity to dial numbers randomly or sequentially since the September 2011 upgrade, the Noble system essentially functions as it did before that time."). Thus, RPM moved for summary judgment on the capability (or lack thereof) of a system, the existence of which had never been revealed to Plaintiff. And Plaintiff was forced to file her response based on outdated technical information. Had the 486-page manual been revealed even a week earlier, she at least could have moved for a stay under Rule 56(d). By no means was the failure to disclose harmless.

Forbidding RPM's reliance on its new Maestro system is proper in light of these circumstances. This Court has previously noted that simply allowing for a discovery continuance would "render Rule 37(c)(1) toothless." *N.W. Pipeline Corp. v. Ross*, No. C05-1605RSL, 2008 WL 1744617 (W.D. Wash. 2008). The Court should strike references to it in its reply.

Surreply to Motion for Partial Summary Judgment- 3
Case No. 2:13-cv-00559-JCC

Weisberg & Meyers, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Respectfully submitted this December 9, 2013.

/s/ Marshall S. Meyers
Marshall S. Meyers (*pro hac vice*)
Jon N. Robbins WSBA#28991
WEISBERG & MEYERS, LLC
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Andrew Shafer
Simburg Ketter Sheppard & Purdy, LLP
999 3rd Ave
Suite 2525
Seattle WA 98104
ashafer@sksp.com

/s/ David McDevitt
David McDevitt

Surreply to Motion for Partial Summary Judgment- 4
Case No. 2:13-cv-00559-JCC

Weisberg & Meyers, LLC
3877 N. Deer Lake Rd
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com