THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WENDY JENDRYSIK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC,<br><br>　　　　　Defendant. | CASE NO. C13-0559-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for partial summary judgment (Dkt. No. 36 at 1) and Plaintiff's motion for leave to supplement the record (Dkt. No. 62 at 1). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Defendant's motion for partial summary judgment and GRANTS Plaintiff's motion for leave to supplement the record (Dkt. No. 62).

## I.  BACKGROUND

Plaintiff alleges that, in connection with an allegedly defaulted debt, Defendant Receivables Performance Management, LLC ("RPM") called Plaintiff 85 times over the course of four months. (Dkt. No. 27 at 2.) Plaintiff alleges that the calls violated the Fair Debt

ORDER
PAGE - 1

Collection Practices Act and the Telephone Consumer Protection Act ("TCPA").[1] (Dkt. No. 12 at 7–10.) RPM seeks to dismiss the TCPA claim on the basis that it did not use an automatic telephone dialing system ("ADTS"). (Dkt. No. 36.)

## II.   DISCUSSION

### A.   Standard on Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the case's outcome. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if there is enough evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* at 49. At the summary judgment stage, evidence must be viewed in the light most favorable to the nonmoving party, and all justifiable inferences must be drawn in the nonmovant's favor. *See Johnson v. Poway Unified Sch. Dist.*, 658 F.3d 954, 960 (9th Cir. 2011).

### B.   Motion to Supplement the Record

Plaintiff requests to supplement the record with deposition testimony from Lukasz Wojnowski, the Director of Information Technology for RPM, who was not deposed until after Plaintiff's response was due. (Dkt. No. 62 at 1.) The submissions contain much wrangling about who is at fault for various delays and omissions. RPM objects that Plaintiff had plenty of time to depose this witness earlier and that it is Plaintiff's fault if she failed to do so. (Dkt. No. 65 at 2.) Plaintiff has suggested that RPM did not provide the manual for its new dialer software—or even acknowledge the existence of this software—until after Plaintiff's response was due, and has argued that all references to it should be struck. (Dkt. Nos. 59.)

Neither party appears blameless. (Quite the contrary.) But RPM's argument for denying leave to supplement the record hinges on Plaintiff's supposed failure to investigate thoroughly

---

[1] Ms. Jendrysik originally included a claim under Washington's Consumer Protection Act, but the parties have since voluntarily dismissed that claim. (Dkt. No. 45.)

before submitting its response. (Dkt. No. 53 at 6.) There is evidence, however, that RPM did not provide correct information about the system until after Plaintiff had submitted her response brief, which undermines RPM's reasoning. (Dkt. No. 60, exhibits.) In light of this, the Court GRANTS Plaintiff's motion to supplement the record (Dkt. No. 62) and considers the excerpts from the deposition testimony of Mr. Wojnowski. The Court rejects Plaintiffs' request to strike all references to the updated system.

C.  **Collateral Estoppel**

Plaintiff argued that RPM should be barred from arguing that its system lacks an ADTS because it conceded the fact in previous litigation. (Dkt. No. 49 at 17.) As both parties now acknowledge, the system has changed since that litigation. Applying the doctrine of collateral estoppel would therefore be inappropriate.

D.  **"Automatic Telephone Dialing System"**

The TCPA defines an ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). As framed by RPM, the issue before this Court is "whether RPM's equipment falls within the TCPA's definition of an [ADTS]." (Dkt. No. 36 at 4.)

RPM argues that "a 'random or sequential number generator' [is] an indispensable component of an ADTS." (Dkt. No. 36 at 9.) RPM recognizes that "random and sequential dialing technology may now be obsolete," but argues that this Court cannot rewrite the statute, which RPM contends unambiguously requires that the relevant system have as a component a random or sequential number generator. (Dkt. No. 36 at 10.) RPM assumes that the only question is whether the Noble system—a dialer provided by another company—has a random or sequential number generator, and accordingly relies on a declaration from that company's president, which states that the Noble system software products do not have a random or sequential number generator. (Dkt. No. 36 at 8; Dkt. No. 37.)

ORDER
PAGE - 3

Plaintiff disputes RPM's interpretation of the statute. Plaintiff also, however, makes an alternative argument that implicitly suggests that the Noble system is not the only relevant "equipment." Plaintiff argues that the ability for the Noble system to interface with Microsoft Excel (software that can generate a list of sequential or random numbers) means that the "dialing equipment" has the capacity to generate sequential numbers (Dkt. No. 49 at 21–22; Dkt. No. 62 at 4.) RPM nowhere responds to this argument.[2] Although Plaintiff makes no suggestion that RPM ever used the system in this way, RPM itself repeatedly emphasizes that the question is whether a system has the *capacity* to store or dial numbers randomly or sequentially using a random or sequential number generator. (Dkt. No. 53 at 4.)

RPM disputes none of Plaintiff's assertions concerning the capabilities of Excel or the relationship between the auto-dialer and Excel, and RPM never disputes Plaintiff's ultimate conclusion about RPM's dialing equipment. As far as the Court can tell, Plaintiff's argument may implicate factual and legal questions about how to apply a statute using the term "dialing system" that was drafted before computers were ubiquitous and had their current capabilities. With more detail about the relevant hardware and software, Plaintiff's argument may be revealed to lack merit. But where RPM has provided no evidence or argument disputing Plaintiff's claims, this Court may accept that failure as an admission of their merit. *See* W.D. Wash. Local Civ. Rule 7(b)(2).[3] On summary judgment—where the Court must draw all inferences in Plaintiff's

---

[2] Defendant includes an affidavit from Lukasz Wojnowski stating that "RPM does not employ any computer software or hardware that has the capacity to randomly or sequentially store or dial telephone numbers." (Dkt. No. 55 at 2.) But Mr. Wojnowski also stated that at least some of RPM's computers have Excel. (Dkt. No. 63, ex. A at 6.) The relationship between the various pieces of RPM's system is unclear on the evidence before the Court.

[3] The parties do not cite—and the Court is not aware of—caselaw establishing what equipment is part of a "dialing system." In the case on which RPM most heavily relies, however, the Court's factual background of the relevant system included a full description of how phone numbers were received, uploaded, and stored in preparation for transmission. *See Satterfield v. Simon & Schuster*, 569 F.3d 946, 949 (2009). Further, the declaration of James Noble contains at least an implication that the initial version of the relevant software product contained a random or sequential number generator because it had a "device designed to allow the software to

favor—RPM's failure to object to Plaintiff's characterization of the system creates a question of fact about whether the "dialing system" contains a random or sequential number generator.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for partial summary judgment (Dkt. No. 36 at 1) is DENIED and Plaintiff's motion for leave to supplement the record (Dkt. No. 62 at 1) is GRANTED.

DATED this 18th day of February 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

automatically dial phone numbers provided to the software by a third party application or database." (Dkt. No. 37 ¶¶ 3–4.)