Hon. John C. Coughenour
Noted for Consideration: March 21, 2014

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WENDY JENDRYSIK,

    Plaintiff,

v.

RECEIVABLES PERFORMANCE MANAGEMENT, LLC

    Defendant.

Case No. 2:13-cv-00559

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY PROCEEDING**

## I.   INTRODUCTION

While RPM has stated that the FCC's 2003 Order is not entitled to *Chevron* deference, that position is not inconsistent with the current motion to stay this action. Where an agency *has acted* within the scope of its delegated authority, the agency's decision is entitled to deference under *Chevron*. Where, as here, interested parties are asking the agency *to* act within the scope of its delegated authority, *Chevron* does not apply. Instead, the doctrine of primary jurisdiction applies. Under it, the court is to defer to the agency Congress has charged with administering the law.

DEFENDANT'S REPLY IN RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY PROCEEDING - 1
[Case No. 2:13-cv-00559]

SIMBURG, KETTER, SHEPPARD & PURDY, LLP
999 Third Avenue, Suite 2525
Seattle, Washington 98104
(206) 382-2600
FAX (206) 223-3929

At this time, ACA International has initiated a rule making proceeding with its petition. See, 47 C.F.R. 1.401(a) ["Any person may petition for the issuance, amendment or repeal of a rule or regulation."]  RPM urges the court to defer to the Commission in *ACA International Petition for Rule Making*[1] (the "ACA Petition") since that petition asks the Commission to address two unresolved issues currently before this court. The manner in which the court addresses these issues will impact the jury instructions the court gives.

The ACA Petition asks the Commission to adopt a rule that would clarify its 2003 Declaratory Order that a predictive dialer is an ATDS.  As RPM stated in its motion for summary judgment, and in its motion to stay, the problem with the 2003 Order is that it does not make clear whether a predictive dialer without a number generator still qualifies as an ATDS.  The ACA Petition will force the FCC to clarify its rule. The ACA Petition also asks the Commission to define the word "capacity."  The Commission will decide whether it means equipment that had the ability to randomly or sequentially dial numbers using a random or sequential number generator *at the time calls were made to a called party*. Alternatively, the Commission may adopt the broader rule stated in *Nelson v. Santander*, 931 F.Supp2d 919 (ED WI 2013) that capacity extends to any equipment which can be made to dial phone numbers randomly or sequentially.

Contrary to Plaintiff's assertion, RPM's research has found no Commission rule making in which the agency was asked to address these two issues.  Rather, it has dealt with the issues piecemeal, as parties have presented petitions for declaratory relief.  As such, for the first time, the Commission is now being asked to enact rules of global application.

---

[1] Shafer Declaration, Exhibit 1, Dkt 86-1.

DEFENDANT'S REPLY IN RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY PROCEEDING - 2
 [Case No.  2:13-cv-00559]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 Third Avenue, Suite 2525
Seattle, Washington 98104
(206) 382-2600
FAX (206) 223-3929

Whether the FCC grants or denies the ACA Petition is beside the point. What matters is that the agency to which Congress has delegated rule making authority be permitted to act. See, 47 U.S.C. §227(b)(2)(C), which provides that the Commission,

> may, by rule or order, exempt from the requirements of paragraph (1)(A)(iii) of this subsection calls to a telephone number assigned to a cellular telephone service that are not charged to the called party, subject to such conditions as the Commission may prescribe as necessary in the interest of the privacy rights this section is intended to protect;

47 U.S.C. 227(b)(3) empowers the Commission to exempt certain conduct from the scope of the TCPA. RPM respectfully asks the court to allow the Commission to resolve the ACA Petition before taking this case any further.

## II.   ARGUMENT

**A. The Court Should Permit the FCC to Resolve the Ambiguity of its 2003 Declaratory Order.**

As RPM stated in its motion for summary judgment, the FCC's 2003 order created uncertainty. While, on the one hand it declared that predictive dialers fell within the definition of an ATDS, it did not address the question of whether a predictive dialer that lacked a random or sequential number generator also fell within the scope of the ATDS definition. The Commission has never resolved this question.

*Satterfield v. Simon & Schuster*, 569 F.3d 946 (9th Cir 2009) and *Meyer v. Portfolio Recovery Associates*, 707 F.3d 1036 (9th Cir. 2012) adhere to the statutory definition of an ATDS found in 47 U.S.C. 227(a)(1)(A) and (B). However, these decisions do not address, much less resolve, the question of whether a predictive dialer without a number generator is an ATDS. Since the answer to this question is at the core of this lawsuit, it must be answered, either by this court in its jury instructions, or by allowing the FCC to address the question in the ACA Petition.

DEFENDANT'S REPLY IN RESPONSE TO
PLAINTIFF'S OPPOSITION TO MOTION TO
STAY PROCEEDING - 3
 [Case No.  2:13-cv-00559]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 Third Avenue, Suite 2525
Seattle, Washington 98104
(206) 382-2600
FAX (206) 223-3929

## B. "Capacity" is an Unresolved Term, which the ACA Petition also Addresses.

Plaintiff contends that RPM has raised a "red herring" issue about capacity. This assertion is based on Plaintiff's ignoring the record and fashioning a "wishful thinking" version of the testimony. Plaintiff contends that RPM's Excel software supplies the number generator needed to make the Noble equipment an ATDS. However, no evidence supports that contention. In fact, the argument misstates the evidence.

Plaintiff relies on the testimony of Lukasz Wojnowski, RPM's Director of IT. Mr. Wojnowski's testimony does not resolve the issue. Plaintiff points to pages 55-60 of Mr. Wojnowski's deposition (Dkt 63-1, docket pages 20-25) to support her theory that Excel does the trick. It is the missing link which makes the Noble system an ATDS. Plaintiff is wrong. On Docket page 24, lines 13 through 23, the following dialogue occurred:

> Q.   Could you take an Excel file and turn it into the type of txt file such that it could be uploaded?
>
> MR. SHAFER:  Uploaded to what?
>
> MR. MEYERS:  To the Noble.
>
> A.   Yes.
> B.
> Q.   (By Mr. Meyers) Do you know whether if I asked you to make the Noble dialer make phone calls from a SQL or MySQL database, whether it could do that?
>
> A.   *I don't know.*
>
> (Emphasis added)

Wojnowski's answer, "I don't know" does not prove the fact upon which Plaintiff has based her Excel argument. It does not establish that the proposition advanced is, more likely than not, true. Thus, contrary to Plaintiff's assertion, she has no competent "evidence" to support her argument. Mr. Wojnowski cannot testify that an Excel file can be

DEFENDANT'S REPLY IN RESPONSE TO
PLAINTIFF'S OPPOSITION TO MOTION TO
STAY PROCEEDING - 4
 [Case No.  2:13-cv-00559]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 Third Avenue, Suite 2525
Seattle, Washington 98104
(206) 382-2600
FAX (206) 223-3929

converted to a txt file then simply uploaded to Noble, because he does not know whether that is possible.  This testimony demonstrates nothing, other than this witness did not have the knowledge to support Plaintiff's *theory* that RPM's Excel software supplies the random or sequential number generator required to satisfy the ATDS definition.  This entire line of inquiry goes to whether "capacity" means ability to randomly or sequentially dial numbers with the existing technology RPM employed, or whether more needed to be done.

Since "capacity" is an undefined term under the TCPA, The ACA Petition asks the FCC to finally define it.  The question with which courts have wrestled is whether "capacity" is determined at the time calls were placed to the plaintiff or whether, under any set of modifications, a system can be made to have the capability of randomly or sequentially dialing phone numbers. *Contrast, Hunt v. 21st Century Mortgage,* 2012 WL 3903783 (ND AL 2012) [capacity is determined at the time calls were placed to the plaintiff] with *Nelson v. Santander Consumer USA, Inc. supra* [capacity exists if equipment *can be paired* with other equipment to permit random or sequential dialing].

Without allowing the FCC to act, the court will have no choice but to select between the two meanings of "capacity"  by adopting either *Hunt's* or *Nelson's* polar opposite definitions. The court's decision will shape the form of instruction it gives the jury.  Here too, the ACA Petition addresses this issue.  Again, whether the FCC adopts ACA International's proposed definition is beside the point.  Simply, the agency charged with implementation has now been asked to promulgate new rules governing the subject.

DEFENDANT'S REPLY IN RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY PROCEEDING - 5
 [Case No.  2:13-cv-00559]

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 Third Avenue, Suite 2525
Seattle, Washington 98104
(206) 382-2600
FAX (206) 223-3929

### III.   CONCLUSION

At least two of the proposed changes to the rules have direct application here.  This is precisely the position in which Judges Settle and Martinez found themselves in *Hurrle v. Real Time Solutions, Inc.*, 3:13-cv-05765 (W.D.WA February 20, 2014) and *Barahona v. T-Mobile US, Inc.*, 628 F.Supp.3d 1268, 1272 (W.D.WA. 2009).  Recognizing that the outcome of the FCC's several petitions for declaratory order would impact these two cases, the court in each deferred to the Commission.  RPM respectfully requests this court do the same.

Dated this 21st day of March, 2014.

SIMBURG, KETTER, SHEPPARD & PURDY, LLP

By: /s/ Andrew D. Shafer
Andrew D. Shafer, WSBA No. 9405
Attorney for Defendant
999 Third Avenue, Suite 2525
Seattle, WA  98104
T:  206-382-2600
F:  206.223.3929
E: ashafer@sksp.com

DEFENDANT'S REPLY IN RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY PROCEEDING - 6
 [Case No.  2:13-cv-00559]

SIMBURG, KETTER, SHEPPARD & PURDY, LLP
999 Third Avenue, Suite 2525
Seattle, Washington 98104
(206) 382-2600
FAX (206) 223-3929

CERTIFICATE OF SERVICE

I hereby certify that on the date below I electronically filed the foregoing REPLY ON MOTION TO STAY with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Jon N. Robbins, ecf@AttorneysForConsumers.com
    Marshall Meyers, mmeyers@AttorneysForConsumers.com
    Matthew J. Cunanan, matthew@dclglawyers.com
    Russell S. Thompson, rthompson@attorneysforconsumers.com
    David McDevitt, dmcdevitt@attorneysforconsumers.com

And I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

    None.

DATED:      March 21, 2014.

                              SIMBURG, KETTER, SHEPPARD & PURDY, LLP

                              /s/ Brian D. Carpenter
                              Brian D. Carpenter,
                              Paralegal

DEFENDANT'S REPLY IN RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY PROCEEDING - 7
[Case No. 2:13-cv-00559]

SIMBURG, KETTER, SHEPPARD & PURDY, LLP
999 Third Avenue, Suite 2525
Seattle, Washington 98104
(206) 382-2600
FAX (206) 223-3929